# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**BENJAMIN MORRIS,**
**KRISTINA WASHINGTON-**
**MORRIS, E.M., AND B.M.,**

          **Plaintiffs,**

**v.**                           **Case No: 6:25-cv-208-PGB-UAM**

**CHANGE HEALTHCARE,**

          **Defendant.**

                        /

## ORDER

This cause comes before the Court on Defendant Change Healthcare's (the "**Defendant**") Time-Sensitive[1] Motion to Stay Proceedings Pending Decision by the Judicial Panel on Multidistrict Litigation (Doc. 9 (the "**Motion**")). The Court does not deem a response to the Motion by Plaintiffs Benjamin Morris, Kristina Washington-Morris, E.M., and B.M. (collectively, the "**Plaintiffs**") necessary.[2] Upon consideration, the Motion is due to be granted.

---

[1] Defendant seeks an expedited ruling on the Motion, citing that its response to Plaintiffs' Complaint is due on or before February 20, 2025.

[2] "A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972,* 549 F.2d 1006, 1012 (5th Cir. 1977) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)); *see Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981).

## I.    BACKGROUND

Plaintiffs initiated this matter in state court on January 17, 2025. (Doc. 7-1 (the "**Complaint**")). In the Complaint, Plaintiffs allege a series of claims arising from a data breach of Defendant's systems caused by cybercriminals (the "**cyberattack**"). (*See id.*). Defendant removed this action to the instant Court on February 7, 2025, asserting the Court's diversity jurisdiction. (Doc. 1). For reasons not relevant here, Defendant later filed a revised Notice of Removal. (Doc. 7 (the "**Revised Notice**")).

In the Revised Notice, Defendant states that "[d]ozens of cases have been brought against Defendant" in connection with the cyberattack. (Doc. 7, p. 2 n.1). Defendant further notes that the Judicial Panel on Multidistrict Litigation ("**JPML**") has "created a Multi-District Litigation in the District of Minnesota to consolidate cases arising from the cyberattack for pre-trial proceedings: *In Re: Change Healthcare, Inc. Customer Data Security Breach Litigation*, No. 0:24-md-03108-DWF-DJF (D. Minn.) [(the "**MDL**")]." (*Id.*).

In the Motion, Defendant informs the Court that it filed a Notice of Potential Tagalong with the JPML on February 10, 2025, wherein it identified this action as a potentially related matter to the MDL. (Doc. 9, ¶ 6). Defendant thus asks the Court to stay this case until the JPML makes a final decision regarding whether the case should be transferred to the MDL pursuant to 28 U.S.C. § 1407. (*See* Doc. 9).

Further, Defendant subsequently notified the Court that, on February 14, 2025, the JPML issued an Order conditionally transferring this matter to the MDL.

(Doc. 10, ¶ 9; Doc. 10-1 (the "**Conditional Transfer Order**")). Defendant notes that the JPML has also set a briefing schedule that allows Plaintiffs to oppose the Conditional Transfer Order on or before February 21, 2025. (Doc. 10, ¶ 9).

## II.    DISCUSSION

District courts have broad discretion to determine whether to stay proceedings before them. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Moreover, district courts "routinely" stay actions pending transfer decisions by MDL panels. *Stanton v. Wells Fargo & Co.*, No. 8:16-cv-3318-T-36JSS, 2017 WL 3701143, at *1 (M.D. Fla. Jan. 23, 2017); *see also Bonenfant v. R.J. Reynolds Tobacco Co.*, No. 07-60301-CIV, 2007 WL 2409980, at *1 (S.D. Fla. July 31, 2007) (noting "[i]t is common practice for courts to stay an action pending a transfer decision by the JPML" and explaining that this "increase[s] efficiency and consistency" (first citing *Republic of Venez. v. Philip Morris Cos.*, No. 99-0586-Civ., 1999 WL 33911677, at *1 (S.D. Fla. Apr. 28, 1999); then quoting *Manual for Complex Litigation* § 22.35 (4th ed. 2004))).

Considering the circumstances, the Court agrees with Defendant that a temporary stay "will conserve this Court's and the parties' resources and mitigate the risk of potentially conflicting or duplicative orders between this Court and the JPML." (Doc. 9, p. 5). Put differently, a temporary stay of this matter until the JPML reaches a final decision on whether it should be transferred to the MDL will advance the causes of "efficiency and consistency" here. *Bonenfant*, 2007 WL 2409980, at *1 (citation omitted). Thus, Defendant's Motion is due to be granted.

## III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   Defendant's Time-Sensitive Motion to Stay Proceedings Pending Decision by the Judicial Panel on Multidistrict Litigation (Doc. 9) is **GRANTED**.

2.   This case is hereby **STAYED** pending the Judicial Panel on Multidistrict Litigation's final decision regarding the transfer of this action to the MDL for pre-trial proceedings. The parties shall provide written status reports every sixty (60) days hereafter. Further, the parties shall file a status report upon receiving a final decision from the Judicial Panel on Multidistrict Litigation regarding the transfer of this action to the MDL for pre-trial proceedings.

3.   The Clerk is **DIRECTED** to administratively close the file.

**DONE AND ORDERED** in Orlando, Florida on February 19, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

4