# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BENJAMIN MORRIS,**
**KRISTINA WASHINGTON-**
**MORRIS, E.M., and B.M.,**

        **Plaintiffs,**

v.                                         **Case No: 6:25-cv-208-PGB-UAM**

**CHANGE HEALTHCARE,**

        **Defendant.**
_____/

## ORDER

This cause comes before the Court on *pro se* Plaintiffs Benjamin Morris, Kristina Washington-Morris, E.M., and B.M.'s (collectively, the "**Plaintiffs**") Motion to Reopen Case, which this Court construes as a motion for reconsideration of its Order staying the case. (Doc. 13 (the "**Motion for Reconsideration**")).[1] The Court does not deem a response to the Motion for Reconsideration by Defendant Change Healthcare ("**Defendant**") necessary.[2] Upon consideration, the Motion for Reconsideration is due to be denied.

---

[1] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] "A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981).

I.  **BACKGROUND**

Plaintiffs initiated this matter in state court on January 17, 2025. (Doc. 7-1 (the "**Complaint**")). In the Complaint, Plaintiffs allege a series of claims arising from a data breach of Defendant's systems caused by cybercriminals (the "**cyberattack**"). (*See id.*). Defendant removed this action to the instant Court on February 7, 2025, asserting the Court's diversity jurisdiction.[3] (Doc. 1). On February 12, 2025, Plaintiffs filed a motion to remand the case to the state court. (Doc. 5 (the "**Motion to Remand**")). That same day, the Court denied the Motion to Remand without prejudice because it "violate[d] various Local Rules," but also noted that "Plaintiffs may file a renewed motion for remand that complies with all applicable rules and law." (Doc. 6).

Then, Defendant filed a time-sensitive motion for the Court to stay the proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("**JPML**") on whether to transfer this case to an existing multidistrict litigation regarding the cyberattack (the "**MDL**"). (Doc. 9 (the "**Motion to Stay**")). Therein, Defendant informed the Court that it had filed a Notice of Potential Tagalong with the JPML on February 10, 2025, wherein it identified this action as a potentially related matter to the MDL. (*Id.* at pp. 2–3). Defendant thus asked the Court to stay this case until the JPML makes a final decision regarding whether the case should be transferred to the MDL for pretrial proceedings. (*See* Doc. 9).

---

[3]  For reasons not relevant here, Defendant later filed a revised Notice of Removal. (Doc. 7).

While the Motion to Stay remained pending, Defendant notified the Court that, on February 14, 2025, the JPML had issued an Order conditionally transferring this matter to the MDL. (Doc. 10, p. 3; Doc. 10-1 (the "**Conditional Transfer Order**")). Defendant further noted that the JPML had also set a briefing schedule that allowed Plaintiffs to oppose the Conditional Transfer Order. (Doc. 10, p. 3).

Considering the circumstances, this Court entered an Order granting the Motion to Stay. (Doc. 11 (the "**Subject Order**")). Now, Plaintiffs ask the Court to reconsider the Subject Order so that they may "refile the Motion to Remand, ensuring the Court properly addresses the jurisdictional issues before any potential transfer occurs." (Doc. 13).

## II. LEGAL STANDARD

A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993); *accord Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Such a motion typically arises under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.

Under either Rule, a motion to reconsider cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised [earlier]." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *accord Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020) (per

3

curiam). [4] It is wholly inappropriate in a motion for reconsideration to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at *1. Thus, to prevail on a motion to reconsider, the movant must identify "manifest errors of law or fact" or extraordinary circumstances. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation omitted).[5]

## III. DISCUSSION

Here, Plaintiffs ask the Court to vacate the Subject Order staying the case so that it may rule on the jurisdictional issues presented in Plaintiff's Motion to Remand. (Doc. 13). However, Plaintiffs do not identify any "manifest errors of law or fact" or other extraordinary circumstances supporting their request that the Court reconsider the Subject Order. *See Arthur*, 500 F.3d at 1343.

In any event, the Court notes that the Subject Order is supported by the relevant case law. In *Stevens v. Merck & Company, Inc.*, No. 2:08-cv-761-FtM-UA-SPC, 2008 WL 4642663, at *1–2 (M.D. Fla. Oct. 20, 2008), a court in this District

---

[4] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

[5] Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

considered whether it should grant the defendants' motion to stay the case pending the JPML's transfer decision despite the plaintiff's pending motion to remand. *Id.* The *Stevens* court explained that, while it had jurisdiction to consider the motion to remand prior to the JPML's transfer decision, the JPML also "has jurisdiction to transfer a case in which a jurisdictional objection is pending." *Id.* at *1 (first quoting *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990); and then collecting additional sources in support). The *Stevens* court also noted that, assuming the case was ultimately transferred, "the jurisdictional objections [in the MDL cases] can be heard and resolved by a single court and reviewed at the appellate level in due course" and that "[c]onsistency as well as economy is thus served." *Id.* (quoting *In re Ivy*, 901 F.2d at 6). Accordingly, the *Stevens* court stayed the case pending the JPML's transfer decision. *Id.* at *1–2.

Simply put, Plaintiffs have not established entitlement to the "extraordinary remedy" of the Court's reconsideration of the Subject Order. *See Taylor Woodrow*, 814 F. Supp. at 1. Consequently, the Motion for Reconsideration is due to be denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration (Doc. 13) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on February 28, 2025.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties